**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION**

**WHITNEY BERNARD**                              **CASE NO.  6:24-CV-00279**

**VERSUS**                                       **JUDGE TERRY A. DOUGHTY**

**U S COMMISSIONER OF SOCIAL**                   **MAGISTRATE JUDGE CAROL B.**
**SECURITY**                                     **WHITEHURST**

## REPORT AND RECOMMENDATION

On August 12, 2024, the undersigned notified *pro se* Plaintiff Whitney Bernard that the Court intended to dismiss this matter for failure to prosecute unless, by September 5, 2024, she appeared to show cause and/or filed her appeal brief in belated compliance with the Court's February 28, 2024 Scheduling Order.  (Rec. Docs. 4 & 7).  Plaintiff failed to appear at the September 5, 2024 Order to Show Cause hearing and failed to respond to the court order and/or file her brief.  For the reasons that follow, it is recommended that Plaintiff's complaint be dismissed without prejudice for failure to prosecute.

## Background

Plaintiff commenced this action on February 27, 2024, by filing a complaint against the Commissioner of the Social Security Administration challenging an unfavorable decision on an application for disability benefits.  (Rec. Doc. 1).  On April 29, 2024, the Commissioner filed an answer and copy of the administrative

record.  (Rec. Doc. 6).  The Court's scheduling order then allowed Plaintiff thirty (30) days to file a brief and present the specific errors that Plaintiff contends were committed at the administrative level.  (Rec. Doc. 4).  Plaintiff failed to file a brief and failed to appear at an Order to Show Cause hearing on the matter.

## **Law and Analysis**

The Federal Rules of Civil Procedure provide that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed.R.Civ.P. 41(b)(in pertinent part). The Supreme Court has interpreted this rule as authorizing the district court to dismiss an action *sua sponte*, even without motion by the defendant. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31(1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988).

Dismissal is warranted in these circumstances.  The Court can only review those issues that are specifically raised by Plaintiff in a written brief. (*See* Rec. Doc. 4, p. 2).  Plaintiff has not presented any particular issues or demonstrated adequate interest in pursuing the case to warrant the Court spending additional time or resources on the matter. Accordingly, it is recommended that Plaintiff's complaint be dismissed without prejudice for failure to prosecute.

## **Conclusion**

For the reasons discussed herein, the Court recommends that Plaintiff's complaint be DISMISSED WITHOUT PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.  See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

THUS DONE in Chambers, Lafayette, Louisiana on this 5th day of September, 2024.

_____

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE